UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| 721 BOURBON, INC. <br>                    Plaintiff | CIVIL ACTION NO. |
| v. | JUDGE |
| HOUSE OF AUTH, LLC | MAGISTRATE JUDGE |
|                    Defendants | SECTION "__" (__) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff 721 Bourbon, Inc. submits this Complaint for Trademark Infringement against Defendant House of Auth, LLC.

**NATURE OF ACTION**

1.      Plaintiff is the owner and operator of several French Quarter-based Tropical Isle bar and nightclubs that for nearly three decades have sold the world-renowned HAND GRENADE and GRENADE specialty cocktails. Since 2007, Tropical Isle has also sold the very popular GRENADE ENERGY DRINK. Tropical Isle holds eight (8) federal trademark registrations for its family of GRENADE trademarks, including a registration for GRENADE ENERGY DRINK. In 2010 and 2011, defendant filed several federal trademark applications indicating its intent to adopt the name GURRNAID for its energy drink. On at least two (2) occasions, the United States Patent and Trademark Office informed defendant that it could not register the GURRNAID name because it was confusingly similar to plaintiff's family of GRENADE trademarks, including plaintiff's GRENADE ENERGY DRINK. In June, 2013 -- nearly two (2) years after the USPTO notified defendant that use of the GURRNAID name would infringe upon Tropical Isle's trademarks -- defendant nonetheless began a national campaign to promote,

market, and sell its energy drink by trading off of plaintiff's famous trademarks. As a result, plaintiff brings this action for trademark infringement, trademark dilution and unfair competition, seeking an Order enjoining defendant from further infringement and for monetary damages to compensate plaintiff for its damages.

## THE PARTIES

2.  Plaintiff 721 Bourbon, Inc., doing business as Tropical Isle, ("Tropical Isle") is a Louisiana corporation.

3.  Tropical Isle holds federal trademark U.S. Reg. No. 3,371,764 for the mark GRENADE ENERGY DRINK in class 032 for "soft drinks; energy drinks; fruit flavored soft drinks; sports drinks." An image of the mark as used in commerce is shown to the right. This mark has reached incontestable status under 15 U.S.C. § 1065.

4.  Tropical Isle owns several federal trademark registrations for its family of GRENADE marks including but not limited to U.S. Reg. No. 1,877,862 for the mark **HAND GRENADE**, U.S. Reg. No. 1,806,334 for the mark **HAND GRENADE**, U.S. Reg. No. 2,273,105 for the mark **GRENADE**, U.S. Reg. No. 2,635,498 for the mark **HOME OF THE HAND GRENADE**, U.S. Reg. No. 4,419,090 for the mark SKINNY HAND GRENADE, U.S. Reg. No. 4,419,091 for the mark SKINNY GRENADE, and U.S. Reg. No. 3,965,323 for Tropical Isle's HAND GRENADE cup design.[1] (These marks and GRENADE ENERGY DRINK shall be collectively referred to as the "GRENADE Marks")

5.  Defendant House of Auth, LLC ("Defendant") upon information and belief is a Delaware limited liability company.

---

[1] The highlighting in **bold** of certain of these GRENADE Marks indicates that such marks have reached incontestable status under 15 U.S.C. § 1065.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks]; and, 28 U.S.C. §1367(a) [supplemental jurisdiction over related actions arising under state law].

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b) (2) and (c)(2) because Defendant is subject to personal jurisdiction in this District. The District has personal jurisdiction because Defendant transacts business in this District, has committed tortious acts in this District, and has engaged in activities in this District that subject them to the jurisdiction of this Court.

## TROPICAL ISLE'S FAMILY OF GRENADE MARKS

8. Tropical Isle owns federal trademark U.S. Reg. No. 3,371,764 for the mark GRENADE ENERGY DRINK in class 032 for "soft drinks; energy drinks; fruit flavored soft drinks; sports drinks." This mark has reached incontestable status under 15 U.S.C. § 1065.

9. In addition, Tropical Isle owns several additional federal trademark registrations for its family of GRENADE Marks including but not limited to U.S. Reg. No. 1,877,862 for the mark **HAND GRENADE**, U.S. Reg. No. 1,806,334 for the mark **HAND GRENADE**, U.S. Reg. No. 2,273,105 for the mark **GRENADE**, U.S. Reg. No. 2,635,498 for the mark **HOME OF THE HAND GRENADE**, U.S. Reg. No. 4,419,090 for the mark SKINNY HAND GRENADE, U.S. Reg. No. 4,419,091 for the mark SKINNY GRENADE, and U.S. Reg. No. 3,965,323 for Tropical Isle's HAND GRENADE cup design.[2]

---

[2] The highlighting in **bold** of certain of these GRENADE Marks indicates that such marks have reached incontestable status under 15 U.S.C. § 1065.

10. Since 1987, Tropical Isle has continuously used its family of GRENADE Marks to identify Tropical Isle's specialty drinks and to distinguish Tropical Isle's products from the drinks and beverages of others. In particular, Tropical Isle has used its GRENADE ENERGY DRINK Mark in commerce since at least 2007.

11. Throughout the United States, and in foreign countries, Tropical Isle is known for its unique beverages products. Tropical Isle's family of GRENADE Marks in great demand among tourists visiting New Orleans. Tropical Isle uses its family of GRENADE Marks to regularly promote its products in publications with interstate and international circulation. Tropical Isle's family of GRENADE Marks have been incorporated on its products and have been featured in local television advertisements, on major television networks, such as *MTV*, in movies, such as *Sonny*; in magazines, such as *Details*, and in various U.S. newspapers in reports concerning New Orleans culture and nightlife. The beverages are also promoted widely online, including at Tropical Isle's own Internet site.

12. Since 1992, Tropical Isle has served products related to Tropical Isle's family of GRENADE Marks in a plastic "yard glass" container with a textured base shaped like an oversized grenade (the "Grenade Yard Cup Design"). Tropical Isle holds federal trademark U.S. Reg. No. 3,965,323 for the trade dress elements of the Grenade Yard Cup Design, namely, a beverage container shaped like a hand grenade with raised ribbing and simulated side-pin. Tropical Isle's Yard Cup Design is inherently distinctive as packaging for Tropical Isle's products, and has acquired distinctiveness and secondary meaning, as a standalone product design.

13. In sum, Tropical Isle's GRENADE Marks are "famous and distinctive marks" under the U.S. Trademark Act, and provide Tropical Isle with broad, exclusive rights.

14.     Tropical Isle undertakes significant efforts, and expends considerable sums each year, to ensure that its products bearing its family of GRENADE Marks are not served, and cannot be purchased, at any commercial establishment that is not controlled or licensed by Tropical Isle.

15.     At no time has Tropical Isle licensed or otherwise authorized Defendant to use its family of GRENADE Marks or individual marks from it family of GRENADE Marks on energy drinks or any other products.

### DEFENDANTS' INFRINGING CONDUCT

16.     On information and belief, Defendant is manufacturing and selling an energy drink using the designation GURRNAID ("Defendant's GURRNAID Mark"). An image of Defendant's GURRNAID energy drink can be seen to the right.



17.     Defendant's GURRNAID Mark is highly or substantially similar to individual members of Tropical Isle's family of GRENADE Marks, specifically the GRENADE ENERGY DRINK and GRENADE, and is also highly or substantially similar to Tropical Isle's family of GRENADE Marks such that consumers will believe that Defendant's GURRNAID Mark is a member of the family of GRENADE Marks.

18.     The products sold under Defendant's GURRNAID Mark are identical to the goods offered by Tropical Isle under its GRENADE ENERGY DRINK Mark, namely energy drinks. Additionally, the goods offered by House are closely related to the goods offered by Tropical Isle through its family of GRENADE Marks.

19.     Defendant's GURRNAID energy drink is sold in a container that is confusingly similar to Tropical Isle's Grenade Yard Cup; both are in the form of a military hand grenade.

20.     The similarities of the parties' marks and products have caused and will cause confusion among consumers of Tropical Isle's products regarding the source of Defendant's GURRNAID products.

21.     In fact, the United States Patent and Trademark Office ("USPTO") has twice before pronounced that Defendant's GURRNAID Mark is likely to cause confusion with Tropical Isle's family of GRENADE Marks, and specifically its GRENADE ENERGY DRINK Mark.

22.     On June 01, 2011, Defendant filed an application with the USPTO for the designation GURRNAID (U.S. Trademark Application Serial No. 85334793) for "Non-alcoholic beverages, namely, fruit juices, fruit flavored beverages, non-alcoholic beverages with tea flavor, coffee-flavored soft drinks, herbal juices, drinking water with vitamins, carbonated soft drinks, flavored water, energy drinks, and omega 3 and protein drinks for use as food filler and not for use as a meal replacement."

23.     On September 10, 2011, the USPTO issued an Office Action declining the application on grounds that **"the applied-for mark is refused because of the likelihood of confusion with the marks in U.S. Registration Nos. 1877862 and 3371764."**

24.     Both U.S. Registrations cited in the Office Action are owned by Tropical Isle. U.S. Registration No. 3,371764 cited in the Office Action is Tropical Isle's GRENADE ENERGY DRINK Mark.

25.     The September 10, 2011 Office Action put Defendant on notice not only of the existence of Tropical Isle's family of GRENADE Marks and, specifically, Tropical Isle's GRENADE ENERGY DRINK Mark but, also, the strong likelihood of confusion between its designation and Tropical Isle's family of GRENADE Marks and, specifically, Tropical Isle's GRENADE

6

ENERGY DRINK Mark. Defendant did not respond to the Office Action and its trademark application was deemed abandoned as of April 11, 2012.

26. On June 01, 2011, Defendant filed an application with the USPTO for the registration of the designation consisting of a stylized "G" (in the form of a grenade) and the word GURRNAID (U.S. Trademark Application Serial No. 85334885) for "Non-alcoholic beverages, namely, fruit juices, fruit flavored beverages, non-alcoholic beverages with tea flavor, coffee-flavored soft drinks, herbal juices, drinking water with vitamins, carbonated soft drinks, flavored water, energy drinks, and omega 3 and protein drinks for use as food filler and not for use as a meal replacement."

27. On September 10, 2011, the USPTO issued an Office Action declining the application on grounds that **"the applied-for mark is refused because of the likelihood of confusion with the marks in U.S. Registration Nos. 1877862 and 3371764."**

28. Both U.S. Registrations cited in the Office Action are owned by Tropical Isle. U.S. Registration No. 3,371764 cited in the Office Action is Tropical Isle's GRENADE ENERGY DRINK Mark.

29. The September 10, 2011 Office Action, again, put Defendant on notice not only of the existence of Tropical Isle's family of GRENADE Marks and, specifically, Tropical Isle's GRENADE ENERGY DRINK but, also, the strong likelihood of confusion between its designation and Tropical Isle's family of GRENADE Marks and, specifically, Tropical Isle's GRENADE ENERGY DRINK. Defendant did not respond to the Office Action and its trademark application was deemed abandoned as of April 11, 2012.

30. In addition to the two trademark described above, Defendant filed an additional "intent to use" application with the USPTO to register the term GURRNAID (U.S. Trademark Application

Serial No. 85,162,086), for the goods "Non-alcoholic beverages, namely, fruit juices, fruit flavored beverages, non-alcoholic beverages with tea flavor, coffee-flavored soft drinks, herbal juices, drinking water with vitamins, carbonated soft drinks, flavored water, energy drinks, and omega 3 and protein drinks for use as food filler and not for use as a meal replacement."

31. Because of irregularities in the search criteria used by the USPTO trademark examiner, Tropical Isle's numerous prior registrations for its family of GRENADE Marks were not identified by the examiner. As a result, the trademark examiner erroneously allowed the application and notified Defendant that its mark would be registered once Defendant provided evidence of use of the mark in commerce.

32. On January 9, 2012, in connection with the continued processing of Defendant's U.S. Trademark Serial No. 85,162,086 application, Defendant informed the USPTO in writing that it had not yet began use of the GURRNAID mark. At this time, the USPTO had notified Defendant on at least two occasions that the GURRNAID mark was likely to cause confusion with Tropical Isle's family of GRENADE Marks and, specifically, its GRENADE ENERGY DRINK Mark.

33. On July 19, 2012, in connection with the continued processing of Defendant's U.S. Trademark Serial No. 85,162,086 application, Defendant again informed the USPTO in writing that it had not yet began use of the GURRNAID mark. At this time, the USPTO had notified Defendant on at least two occasions that the GURRNAID mark was likely to cause confusion with Tropical Isle's family of GRENADE Marks and, specifically, its GRENADE ENERGY DRINK Mark.

34. On January 22, 2013, in connection with the continued processing of Defendant's U.S. Trademark Serial No. 85,162,086 application, Defendant again informed the USPTO in writing

that it had not yet began use of the GURRNAID mark. At this time, the USPTO had notified Defendant on at least two occasions that the GURRNAID mark was likely to cause confusion with Tropical Isle's family of GRENADE Marks and, specifically, its GRENADE ENERGY DRINK Mark.

35. On July 19, 2013, in connection with the continued processing of Defendant's U.S. Trademark Serial No. 85,162,086 application, Defendant informed the USPTO that it began use of the GURRNAID mark on June 21, 2013.

36. As of June 21, 2013, when Defendant first began using its GURRNAID mark, Defendant had nearly two (2) years prior notice of Tropical Isle's incontestable GRENADE ENERGY DRINK mark, Tropical Isle's family of GRENADE Marks (many of which are incontestable), Tropical Isle's products offered under its family of GRENADE Marks and the USPTO's determination that Defendants' GURRNAID Mark was likely to cause confusion with members of Tropical Isle's family of GRENADE Marks, including the GRENADE ENERGY DRINK mark.

37. Notwithstanding actual notice that its GURRNAID mark would infringe upon Tropical Isle's family of GRENADE Marks, Defendant willfully, knowingly and intentionally placed into commerce its GURRNAID energy drink with the intent to trade off of Tropical Isle's family of GRENADE Marks, specifically its GRENADE ENERGY DRINK.

### DAMAGE TO TROPICAL ISLE

38. Tropical Isle will be damaged by Defendant's continued use of the GURRNAID mark in association with the sale of energy drinks.

39. The similarity in the names of Defendant's GURRNAID Energy Drink and Tropical Isle's GRENADE ENERGY DRINK as well as the sale of identical products, <u>energy drinks</u>, are

likely to cause confusion, mistake and deception among those familiar with Tropical Isle's goods and services.

40. Such confusion is exacerbated by the fact that Defendant's product is sold in containers that are confusingly similar to Tropical Isle's distinctive Grenade Yard Cup Design.

41. Indeed, Consumer confusion is even further exacerbated given Tropical Isle's famous and distinctive family of GRENADE Marks and numerous U.S. Trademark Registrations.

42. Consumers are likely to believe that Defendant's GURRNAID energy drinks are licensed, approved, sponsored by, or somehow otherwise affiliated with Tropical Isle.

43. Such confusion is and will be extremely damaging to Tropical Isle.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

44. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 43, as though fully set forth herein.

45. In Tropical Isle's first ground for relief, Tropical Isle alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46. Tropical Isle's family of GRENADE Marks and the individual marks in it family are valid trademarks, identifying the source of goods and services provided by Tropical Isle under its family of GRENADE Marks and the individual marks in its family. Tropical Isle is the senior user of the GRENADE Marks in connection with the goods at issue in this lawsuit.

47. Tropical Isle's GRENADE ENERGY DRINK Mark is a valid trademark, identifying the source of goods and services provided by Tropical Isle under the GRENADE ENERGY DRINK Mark. Tropical Isle is the senior user of the GRENADE ENERGY DRINK Mark in connection with the goods at issue in this lawsuit.

48.     Defendant had and continues to have actual notice of Tropical Isle's family of GRENADE Marks, individual marks in its family, and, specifically its GRENADE ENERGY DRINK Mark.

49.     Defendant's unauthorized and infringing use of the GURRNAID Mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's goods by Tropical Isle. The consuming public and the trade are likely to believe that Defendant's goods originate with Tropical Isle, are licensed, sponsored, or approved by Tropical Isle, or in some way are connected with or related to Tropical Isle.

50.     Defendant's unauthorized and infringing use of the mark GURRNAID constitutes intentional and willful infringement of Tropical Isle's rights in and to its federally registered family of GRENADE Marks, individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II
### FEDERAL TRADEMARK DILUTION

51.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 50, as though fully set forth herein.

52.     In Tropical Isle's second ground for relief, Tropical Isle alleges violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     As a result of the duration, extent, and geographical reach of Tropical Isle's use of its family of GRENADE Marks, the individual marks in its family, and specifically its GRENADE ENERGY DRINK Mark; and the publicity and advertising associated with Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark; Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark have achieved an extensive

degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. § 1125(c). Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark are widely-recognized by the consuming public as a designation of source of Tropical Isle's goods.

54.     Defendant began using the designation identical or substantially indistinguishable to Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark in interstate commerce in connection with Defendants' goods and services long after Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark became famous and distinctive.

55.     Defendant's use of the designations identical or substantially indistinguishable to the Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark dilutes, or is likely to dilute, by blurring the distinctive quality of Tropical Isle's famous family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark and by tarnishing the reputation of Tropical Isle and the Tropical Isle family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.     These acts have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy at law.

## COUNT III
### FEDERAL UNFAIR COMPETITION

57.     Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 56, as though fully set forth herein.

58. In Tropical Isle's third ground for relief, Tropical Isle alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Defendant's unauthorized use of the GURRNAID Mark, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendant's services as originating from or being connected with Tropical Isle, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with Tropical Isle, or as to the origin, sponsorship, or approval of Defendant's services by Tropical Isle in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. These acts have occurred in interstate commerce and have caused, and unless restricted by the Court will continue to cause, serious and irreparable injury to Tropical Isle, for which Tropical Isle has no adequate remedy of law.

## COUNT IV
## STATE TRADEMARK INFRINGEMENT

61. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 60, as though fully set forth herein.

62. In Tropical Isle's fourth count, Tropical Isle alleges violation of LA. REV. STAT. § 51:222, trademark infringement.

63. Defendant's use, without the consent of Tropical Isle, of designations identical or substantially indistinguishable from Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark to offer and advertise goods and products identical to those offered by Tropical Isle is likely to cause confusion, mistake, or deception as to the source or origin of such goods and services, and comprises trademark infringement under LA. REV. STAT. § 51:222.

64. As a direct and proximate result of Defendant's infringement, Tropical Isle has been damaged, and unless Defendant is restrained by the Court, Tropical Isle will continue to suffer serious irreparable injury.

65. Pursuant to LA. REV. STAT. § 51:223, Tropical Isle is entitled to recover from Defendant, all profits derived from, and all damages sustained by Tropical Isle as a result of Defendant's aforesaid acts. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

66. Pursuant to LA. REV. STAT. § 51:223, Tropical Isle is entitled to an order, temporarily restraining, and preliminarily and permanently enjoining Defendant from further use, display or sale of goods or services bearing or associated with Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark.

## COUNT V
## TRADEMARK DILUTION UNDER THE LOUISIANA ANTIDILUTION STATUTE

67. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 66, as though fully set forth herein.

68. In Tropical Isle's fifth count, Tropical Isle alleges violation of LA. REV. STAT. § 51:223.1, injury to business reputation, and trademark dilution.

69. Defendant's use of the designations identical or substantially indistinguishable from Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark in the sale of goods and services, as described more fully above, has injured, or is likely to injure, Tropical Isle's business reputation, and has diluted, or will dilute, the distinctive character of Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Marks through blurring and/or tarnishment, in violation of LA. REV. STAT. § 51:223.1, and to Tropical

14

Isle's irreparable harm, notwithstanding the presence or absence of confusion as to the source of Defendant's goods or services. Unless enjoined, Defendant conduct will cause Tropical Isle further irreparable harm, and Tropical Isle is entitled to injunctive relief pursuant to LA. REV. STAT. § 51:223.1.

## COUNT VI
## UNFAIR TRADE PRACTICES

70. Tropical Isle repeats and re-alleges the allegations of paragraphs 1 through 69, as though fully set forth herein.

71. In Tropical Isle's sixth count, Tropical Isle alleges violation of LA. REV. STAT. § 51:1401 *et seq.*, for unfair methods of competition and unfair and deceptive acts or practices.

72. Defendant's activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405, and to Tropical Isle's irreparable harm.

73. Pursuant to LA. REV. STAT. § 51:1409, Tropical Isle is entitled to recover from Defendant all actual damages sustained by Tropical Isle as a result of Defendant's prior acts. Tropical Isle is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

74. Unless enjoined, Defendant's unfair methods of competition, and unfair and deceptive acts and practices will cause Tropical Isle further irreparable harm, and Tropical Isle is entitled to injunctive relief, pursuant to, inter alia, LA. REV. STAT. §§ 51:1407 and 51:1408.

## PRAYER FOR RELIEF

75. A preliminary and permanent injunction against continued infringement of the Tropical Isle's family of GRENADE Marks, the individual marks in its family, and, specifically, its GRENADE ENERGY DRINK Mark by Defendant and all persons operating in concert with Defendant;

76. An accounting for and award of damages resulting from Defendant's sale, offer for sale and marketing of its infringing goods and services;

77. An award of treble damages against Defendant;

78. An assessment of interest on the damages;

79. An award of plaintiff's costs, expenses and attorney fees in this action; and,

80. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

 /s/ Greg Latham

Gregory D. Latham, Bar No. 25955 (T.A.)
Kent Barnett, Bar No. 33002
Intellectual Property Consulting, LLC
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Phone: (504) 322.7166
Fax: (504) 322.7184
glatham@iplawconsulting.com
kbarnett@iplawconsulting.com

*Attorneys for 721 Bourbon, Inc.*